UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TUHIN KHAN,<br>        Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK,<br>        Defendants. | Civil Action No. 15-8015<br><br>**COMPLAINT** |

## I. NATURE OF THE ACTION

1. This is an employment related civil rights action brought by Tuhin Khan ("Khan"), an applicant for employment as a police officer with the City of New York.

2. Khan seeks to redress disability discrimination by the New York City Police Department with respect to an employment policy which requires applicants and police officers to possess normal hearing without the use of hearing aids (hearing aid ban).

3. Khan is hearing disabled, requiring the use of hearing aids, and qualified to perform the essential functions of a police officer.

4. As a result of his hearing loss disability and the hearing aid policy, Khan has been deemed medically unqualified by the New York City Police Department to perform the duties of a New York City police officer.

## II. JURISDICTION AND VENUE

5. The jurisdiction of this Court is sought pursuant to 28 U.S.C. Sections 1331 and 1343 (a)(3) and (4), 2201 and 2202 of the Declaratory Judgment Act, Title I of the Americans with Disabilities Act of 1990 (as amended by the ADA Amendments Act of 2008), 42 U.S.C. §12101, *et seq.*

1

6. Khan seeks the pendent/supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367 in conjunction with claims alleging violations of the New York City Human Rights Law, N.Y.C. Admin. Code §8-101, *et seq.*

7. The claims for violations of the New York City Human Rights Law are based upon the same operative facts supporting the federal claim.

8. The values of the rights in question is in excess of $100,000 exclusive of interest and costs.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c). The acts and conduct complained of herein occurred in substantial part in this District and the Defendant, the City of New York Police Department maintains their principal place of business in this District.

### III. JURY TRIAL DEMANDED

10. Plaintiff demands a trial by jury on each and every one of his claims as set forth below.

### IV. PARTIES

**Plaintiff Tuhin Khan**

11. Tuhin Khan is an applicant for employment with the New York City Police Department as a Police Officer, and is a citizen of the United States and a resident of the State of New York, the City of New York.

12. Khan is a qualified person with a disability as defined by the Americans with Disability Act, as amended (ADAAA), codified at 42 U.S.C. §.12101, *et seq.*, because he has a hearing impairment.

13. Khan wears hearing aids to address his hearing loss.

2

14. Khan is qualified to perform all of the essential functions of the job of a New York City Police Officer while wearing hearing aids.

**The Defendant Parties**

15. Defendant the City of New York ("the City") is a municipal entity existing under the laws and Constitution of the State of New York.

16. Defendant the New York City Police Department ("NYPD") is an agency of the City of New York that is charged with providing law enforcement services to the residents of the City.

17. The City of New York, by and through the Police Department, maintains a policy that requires police applicants to possess normal hearing without the use of hearing aids.

18. The City of New York has refused to permit Khan to be tested with hearing aids.

**Specific Facts**

19. Tuhin Khan (Khan) is currently 25 years of age, having been born on January 25, 1990.

20. In or about July of 2012 Khan took a competitive civil service examination, Number 3310, for the position of a New York City Police Officer.

21. In order to qualify for employment as a police officer, Khan was required to pass written, physical, medical and psychological qualifying examinations.

22. By letter communication, Khan was advised by the City of New York Police Department that he had passed the written examination with a list number of 653.

23. Khan was then scheduled for a medical examination.

24. Khan was directed to report on February 13, 2015 at 6:30 AM to the Medical Division of the City of New York Police Department located at One Lefrak City Plaza, 59-17 Junction Boulevard, 16th Floor, Rego Park, NY 11368.

25. As indicated in the written notice, applicants who pass the medical examination will continue with the hiring process.

26. On February 13, 2015, Khan reported as directed and participated in the medical examination process.

27. On the required paperwork, Khan indicated that he was wear hearing aids for genetic hearing loss he sustained as a young child.

28. Khan is capable of performing the essential duties and functions of a police officer and currently wears hearing aids to assist with his hearing loss.

29. Before any of the applicant examiners noticed that Khan had indicated on his paperwork that he wears hearing aids, he was tested with his hearing aids and was told by the testing technician that he passed the hearing examination.

30. A short time later Police Officer Li approached Khan in front of other candidates and asked whether Khan was wearing hearing aids.

31. Khan advised him that he was wearing hearing aids, but that he had taken the hearing examination and passed.

32. Subsequently, Officer Li signed and provided to Khan a "Notice of Medical Review Status," indicating, in sum and substance, that Khan had not passed the hearing examination.

33. The document indicates that Khan cannot use hearing aids to have his hearing tested.

34. Khan was directed to appear at the Medical Division again to be tested without his hearing aids.

35. On February 25, 2015, he returned to the Medical Division, as directed, and was tested without his hearing aids.

36. Khan was told that he failed the hearing examination.

37. On or about January 12, 2010, the New York City Police Department enacted a policy requiring all candidates and police officers to have normal hearing without the use of hearing aids.

38. This policy discriminates against qualified applicants, such as Khan, for employment who have hearing loss and wear hearing aids.

39. Khan has lost the opportunity to be hired as a police officer because of the hearing aid ban policy.

40. Since Khan was denied employment in February 2015, applicants have been hired for employment and Khan would have been in one of these classes but for the discriminatory hearing aid ban.

41. Applicants were hired for employment in July of 2015 and again in October 2015.

42. Khan was caused to suffer humiliation, embarrassment, stress and anxiety for no legitimate purpose.

43. Khan provided his successful hearing test results using his hearing aids and the NYPD ignored these findings.

44. Khan has lost back pay, front pay, pension, benefits, and career opportunities.

**Condition Precedent**

45. On or about February 26, 2015, Khan filed a charge for disability discrimination with the New York District Office of the U.S. Equal Employment Opportunity Commission.

46. On September 11, 2015, Khan received a right to sue letter from the U.S. Department of Justice, Civil Rights Division pursuant to the appropriate processing protocols of the agency. The right to sue letter is annexed hereto as an Addendum.

47. Within 90 days of the receipt of his Notice, Khan commenced the present action.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE AMERICANS WITH DISABILITIES AMENDMENTS ACT, 42 U.S.C. §12101, *ET SEQ.*

48. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

49. The defendants have violated plaintiff's rights under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.*, by enacting a policy which discriminates against hearing disabled applicants and by failing to accommodate hearing disabled applicants by permitting the use of hearing aids.

50. Plaintiff has suffered injuries and damages, including the loss of employment; back pay, front pay, pension, benefits, loss of career advancement opportunities; extreme stress; humiliation; embarrassment; mental anguish; and damage to his reputation.51. Plaintiff requests compensatory damages and equitable relief, attorneys' fees and costs in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW, ADMINISTRATIVE CODE §8-107, *ET SEQ.*, BASED UPON DISABILITY

52. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

53. Defendants have violated plaintiff's rights under the New York City Human Rights Law, N.Y.C. Admin Code §8-107, *et seq.*, by enacting a policy which discriminates against hearing disabled applicants and failing to accommodate hearing disabled applicants by permitting the use of hearing aids.

54. Plaintiff has suffered injuries and damages, including the loss of employment; back pay, front pay, pension, benefits, loss of career advancement opportunities; extreme stress; humiliation; embarrassment; mental anguish; and damage to his reputation.

55. Plaintiff requests compensatory damages and equitable relief, attorneys' fees and costs in an amount to be determined at trial.

**WHEREFORE,** plaintiff demands the following relief against the defendants:

a. Compensatory damages and equitable relief in an amount and manner to be determined at the time of trial, including any loss of back pay, front pay, and pension benefits;

b. The convening and empaneling of a jury to consider the merits of the claims;

c. Attorneys' fees and costs;

d. Injunctive and declaratory relief against all defendants; and

e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
       October 9, 2015

                                        Respectfully Submitted,

                                        Meenan & Associates, LLC
                                        *Attorneys for Plaintiff*
                                        299 Broadway, Suite 1310
                                        New York, NY 10007
                                        (212) 226-7334

                                        By: _____
                                        Colleen M. Meenan (CM7439)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TUHIN KHAN,<br><br>　　　　　Plaintiff,<br><br> -against-<br><br>CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,<br>　　　　　Defendants. | Civil Action No. 15-8015 |

**COMPLAINT**

　　　　　　　　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　Meenan & Associates, LLC
　　　　　　　　　　　　　　　　　　　　Colleen M. Meenan, Esq. (CM 7439)
　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*
　　　　　　　　　　　　　　　　　　　　299 Broadway, Suite 1310
　　　　　　　　　　　　　　　　　　　　New York, NY 10007
　　　　　　　　　　　　　　　　　　　　(212) 226-7334