

299 Broadway, Suite 1310
New York, NY 10007
Phone: (212) 226-7334
Facsimile: (212) 226-7716

Attorneys At Law
www.meenanesqs.com

**By ECF and E-Mail**

November 4, 2016

Honorable Analisa Torres
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Chambers 15D
New York, New York 10007-1312

> RE: <u>Khan v. City of New York</u>
> *Civil Action No. 15-Civ. 08015 (AT)*
> **Joint Status Report**

Dear Judge Torres:

This firm, along with Emery Celli Brinckerhoff & Abady LLP, represents Plaintiff Tuhin Khan ("Plaintiff" or "Khan") in this action. The Defendant is represented by Assistant Corporation Counsel, Kristen McIntosh and Lawrence Profeta. Per paragraph 15 of this Court's Revised Civil Case Management Plan and Scheduling Order, dated September 15, 2016, this letter serves as the parties' joint status report on summary judgment and settlement. [Dkt # 37 at ¶ 15]. The parties' respective positions on these issues are set forth below.

**Background and Case Posture**

Plaintiff is a hearing-disabled candidate for employment as an NYPD police officer. His Complaint challenged an NYPD hearing policy prohibiting the use of hearing aids, which resulted in his disqualification for employment. After this case was filed and during discovery, the Plaintiff was advised that the NYPD policy regarding the use of hearing aids by applicants changed. Accordingly, Plaintiff was tested under the new policy.

On October 21, 2016, Dr. David Lichtenstein, a 30(b)(6) witness and NYPD Deputy Surgeon who is responsible for approving candidates for the position of police officer, **testified that he believed Tuhin Khan is medically qualified to be a police officer** under the new policy. Plaintiff's counsel followed-up in writing requesting that Plaintiff be processed and hired as a police officer. Plaintiff has not heard back from the City since Dr. Lichtenstein's deposition. During that time, a new class of NYPD recruits began training and Plaintiff was not included.

Fact discovery in this action closed on October 28, 2016. The parties jointly agreed to finish one deposition after the close of fact discovery, and that deposition is scheduled to occur next week. In addition, the parties are beginning the expert discovery phase. Opening expert reports are due November 18, 2017 and reply expert reports are due December 16, 2017.

**Plaintiff's Position As to Summary Judgment**

Plaintiff intends to file a motion for summary judgment. In light of Dr. Lichtenstein's 30(b)(6) testimony stating that Plaintiff is qualified to be a police officer, there are no factual disputes and Plaintiff is entitled to summary judgment.

**Plaintiff's Position With Respect to Settlement**

Plaintiff has always been amenable to settlement, and believes that this case should be settled in light of the undisputed fact that Plaintiff is qualified to be an NYPD Officer. Yet despite the City's own testimony that Plaintiff is qualified to be an NYPD officer, the City has not taken any further action with respect to Plaintiff's application. In fact, a new applicant class was processed in mid-October and Plaintiff was not included.

Contrary to the Defendant's assertion below that Plaintiff only chose to proceed with discovery, Plaintiff has always indicated he is amenable to proceeding on two tracks that are not mutually exclusive – continuing with the completion of discovery and engaging in meaningful settlement discussions. In fact, Plaintiff proposed to the Defendant that he be processed for employment after his deposition was conducted in late July 2016.

As noted above, discovery is almost complete. Unless and until the City agrees to hire Plaintiff and process him expeditiously with the next applicant class, any settlement discussions conducted before a Magistrate Judge are premature.

**Defendant's Position As to Summary Judgment**

Given that Plaintiff's new hearing results pursuant to NYPD's current policy are still pending, Defendant believes a discussion regarding summary judgment motion practice is premature.

**Defendant's Position As to Settlement**

After NYPD's policy changed in September 2016, Defendant repeatedly suggested that the parties focus on settlement and stay discovery while Plaintiff was retested pursuant to the new policy. Plaintiff, however, chose to go forward with discovery. On October 13, 2016, Plaintiff provided Defendant with Plaintiff's new hearing test results pursuant to the new policy. On October 21, 2016, Defendant informed Plaintiff's counsel that a decision on Plaintiff's medical qualification would be finalized in 2-3 weeks. As such, the City expects to have a final determination as to Plaintiff's medical qualification by November 10, 2016. If Plaintiff is medically

qualified, he will then go through the next phases of the candidate screening process before joining the next available class. Notably, it would have been impossible for Plaintiff to complete these additional phases before the October 2016 NYPD Academy class was processed.

Once a determination is made as to Plaintiff's medical qualification, Defendant will be in a better position to advise the Court as to its position on settlement. At that time, Defendant will request a settlement conference with a magistrate judge.

Yours truly,

SHELLEY ANN QUILTY-LAKE
SQL: sql

Cc: Colleen Meenan, Esq., Elizabeth Saylor, Esq., Alanna Small, Esq., *Attorneys for Plaintiff;*
   Kristen McIntosh, Esq., Lawrence Profeta, Esq., *Attorneys for Defendant (By ECF and E-Mail)*